UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PERCY JAMES PEARCE,

    Petitioner,

vs.

BARRACK H. OBAMA, President, United States, et al.,

    Respondents.

No. C 11-0120 PJH (PR)

**ORDER CERTIFYING APPEAL AS NOT TAKEN IN GOOD FAITH**

    This is a case filed pro se by a federal prisoner. The petition was captioned "Petitioner Pearce's Petition for a Writ of Mandamus, 28 U.S.C. § 1651; Plaintiff Pearce's Petition for a Writ of Habeas Corpus, 28 U.S.C. § § 2244(b)(2)(B), 2255(1); or in the Alternative 28 U.S.C. Rule 60(b)(1)(2)(3) Motion."

    In the initial review order the court noted that the case is not a proper one for mandamus, that Rule 60(b) of the Federal Rules of Civil Procedure also did not apply, and that it was unclear whether habeas corpus could provide a basis for the claims. The petition was dismissed with leave to amend within thirty days to provide a petition that would "point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Petitioner was warned that the case would be dismissed if he did not amend within the time allowed.

    The order dismissing the case with leave to amend was returned as undeliverable; nearly a month later petitioner provided notice of his new address. The court instructed the clerk to send a copy of the dismissal with leave to amend to petitioner's new address, and extended the time to amend. When petitioner did not amend, the case was dismissed.

///

Petitioner appealed the dismissal, and the United States Court of Appeals for the Ninth Circuit has remanded the case for a determination whether the appeal is taken in good faith.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed in forma pauperis ("IFP") in district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith. Section 1915(a)(3) of Title 28 of the United States Code similarly provides that an appeal may not be taken IFP if the trial court certifies it is not taken in good faith. "Not taken in good faith" means "frivolous." *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (order) (equating "not taken in good faith" with "frivolous").

Because the court's ruling was clearly correct, it is CERTIFIED that this appeal is frivolous and therefore not taken in good faith. The clerk shall forthwith notify plaintiff and the court of appeals of this order. *See* R.App.P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal *in the court of appeals* within thirty days after service of notice of this action. *See* R.App.P. 24 (a)(5) Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

Dated:  January 18, 2012.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\PEARCE0120.APP.wpd

2